UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 5 ' '0

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| Shiron Brown, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **10 1314** |
| | ) |
| Jeffrey Smith, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues a District of Columbia resident for allegedly breaking into her mailbox and stealing her checks, one of which was an "$80,000 tax check." Compl. at 1. Plaintiff also accuses defendant of committing other criminal acts -- some brutal, others simply incredulous -- against her and other individuals. She seeks an investigation and the return of the stolen checks. The complaint does not present a federal question, nor does

it provide a basis for diversity jurisdiction because both parties reside in the District and, thus, are not of diverse citizenship. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: _____July 29____, 2010

_____
United States District Judge